Hon. EDGAR N. HARWOOD, }
Hon. WILLIAM H. DE WITT, } Associate Justices.

---

## McCORMICK, RESPONDENT v. GLIEM, APPELLANT.

[Submitted October 3, 1893. Decided December 4, 1893.]

WITNESSES—*Cross-examination.*—In an action for the recovery of the possession of land, and the value of rents and profits during the period of wrongful detention, plaintiff cannot properly be cross-examined as to information concerning the use which had been made of the premises, where the direct examination related only to the stipulations of an agreement whereby the premises were leased.

*Appeal from Fourth Judicial District, Missoula County.*

Ejectment. Judgment was rendered for plaintiff below by WOODY, J. Affirmed.

*George B. Wilds,* for Respondent.

HARWOOD, J.—Action in the nature of ejectment for recovery of possession of certain real estate, and the value of

(469)

rents and profits thereof during the period of wrongful deten-
tion. Plaintiff, by her complaint in the usual form, alleges
description and ownership of the real property in question, and
her right to immediate possession thereof since May 1, 1892,
the value of rents and profits thereof, and that since said date
defendants have wrongfully held possession of said property;
wherefore judgment is demanded for the recovery of possession,
and the value of the rents and profits during the period said
premises were wrongfully withheld.

After disposing of a demurrer and certain motions to strike
out parts of the pleadings, issue was joined by the answer of
defendant Gliem. The other defendants made default. There-
upon trial was had to the court, a jury having been waived.
At the close of the trial the court found the plaintiff entitled
to recover possession of the premises in question, together with
the rents and profits thereof during the period of unlawful de-
tention, in the sum of nine hundred and forty dollars, and
caused to be entered judgment for the recovery accordingly,
from which judgment defendant Gliem appealed to this court.

This appeal was submitted, by stipulation of counsel, with-
out argument, and appellant has failed to file any brief direct-
ing the attention of this court to the points and authorities
relied upon to reverse or modify the judgment; but counsel for
respondent has filed a brief in support of the judgment. An
examination of the judgment-roll discloses to our view no
errors or irregularities. There appears, however, attached to
the judgment-roll a statement of the case containing specifica-
tions to the effect that the court erred: 1. In overruling de-
fendant's demurrer to the complaint; 2. That the judgment is
contrary to law; 3. That the judgment is not sustained by the
evidence; and 4. That the court erred in overruling certain
questions propounded to plaintiff on cross-examination.

The questions, objections, ruling of the court, and exceptions
referred to in the last specification of error, appear in the state-
ment of the case. There is no apparent support for any of
these assignments of error. No particulars are specified as to
the first three, and the record shows that they are without
merit. As to the fourth assignment, the ruling of the court
in sustaining objections to the questions specified was based

upon the ground that the questions were not within the scope of cross-examination, and the court was correct in its ruling. The direct examination related to the conditions or stipulations of an agreement, whereby certain lots were leased, and that was the only inquiry made on direct examination; whereas the cross-examination sought to go into an inquiry as to general information, and sources of information, of the witness concerning the use which had been made of the premises in question; and these inquiries, to which objection was sustained by the court, were clearly not cross-examination.

Judgment is affirmed, with costs.    *Remittitur* forthwith.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.